UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLLEEN WARNESS, an individual, | NO. |
| Plaintiff, | |
| v. | PLAINTIFF'S COMPLAINT FOR DAMAGES |
| CITY OF SNOHOMISH, a municipal corporation, and COREY and KRISTA COOK, husband and wife and their marital community, | AND JURY DEMAND |
| Defendants. | |

Colleen Warness, plaintiff, by way of complaint against the City of Snohomish, Washington and Corey and Krista Cook, husband and wife and their marital community, defendants, asserts as follows:

**PARTIES**

1. Plaintiff Colleen Warness is, and at all times relevant to the matters set forth in this complaint was, a single person and a resident of the Western District of Washington, at Seattle.

2. Defendant City of Snohomish, Washington is, and at all times relevant

PLAINTIFF'S COMPLAINTFOR DAMAGES - 1

AOKI I SAKAMOTO I GRANT LLP
ONE CONVENTION PLACE, SUITE 1525
701 PIKE STREET
SEATTLE, WA 98101-3933
(206) 624-1900

to the matters set forth in this complaint was, a municipal corporation and a political subdivision of the State of Washington with the rights and responsibilities, *inter alia*, (a) to sue and to be sued directly and (b) to be held accountable for the acts and omissions of its employees and agents. Defendant City of Snohomish is located in the Western District of Washington, at Seattle.

3. Defendants Corey and Krista Cook are, and at times relevant to the matters set forth in this complaint were, husband and wife. All acts or omissions of defendant Corey Cook as set forth in this complaint were done on behalf of and for the benefit of their marital community. All acts or omissions of defendant Corey Cook set forth in this complaint were done while he was acting within the course and scope of his employment by defendant City of Snohomish.

**JURISDICTION, VENUE, AND JURY DEMAND**

4. This Court has original subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1331 (an action that involves a question of federal law), 28 U.S.C. § 1343(a) (an action that involves a violation of civil rights), and 42 U.S.C. § 1983 (a civil action for deprivation of rights), and 28 U.S.C. § 1332(a) (the amount in controversy exceeds $75,000). This Court has jurisdiction over plaintiff's State law claims, pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

5. Venue is proper in this Court because, *inter alia*, (a) the parties reside

PLAINTIFF'S COMPLAINT FOR DAMAGES - 2

AOKI | SAKAMOTO | GRANT LLP
ONE CONVENTION PLACE, SUITE 1525
701 PIKE STREET
SEATTLE, WA 98101-3933
(206) 624-1900

within the Western District of Washington at Seattle (pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(1)(c)) and (b) the conduct relevant to this complaint occurred in this District (pursuant to 28 U.S.C. § 1391(b)(2)).

6. Colleen Warness timely and properly filed and served her Claim for Damages form with defendant City of Snohomish. It is appropriate that Ms. Warness now file this action because, pursuant to RCW 4.96.020, more than 60 days have passed since Ms. Warness filed her claim.

7. Plaintiff Colleen Warness demands that this action be tried before a jury.

**FACTUAL SUMMARY**

8. Defendant Corey Cook has been employed by defendant City of Snohomish, as an officer in its Police Department, for more than 26 years. During his employment by defendant City of Snohomish, defendant Corey Cook was the subject of several internal investigations and, as a consequence, defendant City of Snohomish was on notice of his improper and errant behavior, both while in the line of duty as a police officer and during off-duty hours.

9. Beginning in April 2008, defendant Corey Cook began a campaign of unwanted, unwarranted, and unlawful contact with Ms. Warness. This conduct included telephone calls and appearances at her personal residence. Defendant Corey Cook's conduct included, but was not limited to, requests for sexual

PLAINTIFF'S COMPLAINT FOR DAMAGES - 3

AOKI | SAKAMOTO | GRANT LLP
ONE CONVENTION PLACE, SUITE 1525
701 PIKE STREET
SEATTLE, WA 98101-3933
(206) 624-1900

favors, acts of intimidation, and acts of retaliation. Defendant Corey Cook's conduct occurred while he was acting in the course and scope of his employment by defendant City of Snohomish and in the line of duty as one its police officers.

10. Defendant City of Snohomish failed to take corrective action to stop defendant Corey Cook's conduct or to protect Ms. Warness from him, even after it had been notified of his conduct. As a consequence, Ms. Warness was required to seek, and obtain, a court order restraining defendant Corey Cook from having further contact with her.

11. In August 2008, following its internal investigation, the Everett Police Department of Professional Standards concluded that defendant Corey Cook's conduct toward Ms. Warness violated several provisions of defendant City of Snohomish's Police Department's General Orders, which govern and apply to the conduct of its police officers. The Department concluded that defendant Corey Cook had, *inter alia*, engaged in Conduct Unbecoming a Police Officer, had become intoxicated or engaged in obnoxious or offensive behavior while off duty, had not been truthful, and had violated the standards of ethics.

12. The conduct of defendants, jointly and severally, constituted violations of Ms. Warness's statutory and constitutional rights and was a proximate cause of her injuries and damages.

13. As a direct and proximate result of defendants' unlawful,

PLAINTIFF'S COMPLAINTFOR DAMAGES - 4

AOKI I SAKAMOTO I GRANT LLP
ONE CONVENTION PLACE, SUITE 1525
701 PIKE STREET
SEATTLE, WA 98101-3933
(206) 624-1900

unreasonable, and tortious conduct, Ms. Warness has suffered significant and serious injuries and damages. These injuries and damages are continuing and will continue into the future. The nature and extent of Ms. Warness's injuries and the amount of her damages will be proven at time of trial or other hearing. At least a portion of Ms. Warness's damages is liquidated and she is, therefore, entitled to prejudgment interest on her liquidated damages.

## CAUSE OF ACTION

*First Cause of Action: Violation of Constitutional Rights*

14. As a direct and proximate result of the defendants' unlawful, unreasonable, and tortious conduct, Ms. Warness suffered a violation of her federal and state Constitutional rights. Defendants' conduct was in violation of, but not limited to, 42 U.S.C. § 1983.

15. At all times relevant to the matters set forth in this complaint, the defendants were acting under color of state law.

16. Defendant City of Snohomish is liable to Ms. Warness for its direct conduct, for its failure to adequately train or supervise defendant Corey Cook, for its failure to adequately monitor or limit his conduct, and under the doctrine of *respondeat superior*.

17. As a direct and proximate result of defendants' unlawful, unreasonable, and tortious conduct, Ms. Warness has suffered significant and

PLAINTIFF'S COMPLAINT FOR DAMAGES - 5

AOKI I SAKAMOTO I GRANT LLP
ONE CONVENTION PLACE, SUITE 1525
701 PIKE STREET
SEATTLE, WA 98101-3933
(206) 624-1900

serious injuries and damages. These injuries and damages are continuing and will continue into the future. The nature and extent of Ms. Warness's injuries and the amount of her damages will be proven at time of trial or other hearing. At least a portion of Ms. Warness's damages is liquidated and she is, therefore, entitled to prejudgment interest on her liquidated damages.

*Second Cause of Action: Tortious Conduct*

18. The defendants' conduct, jointly and severally, was unlawful, unreasonable, and tortious.

19. Defendant City of Snohomish is liable to Ms. Warness for its direct conduct, for its failure to adequately train or supervise defendant Corey Cook, for its failure to adequately monitor or limit his conduct, and under the doctrine of *respondeat superior*.

20. As a direct and proximate result of defendants' unlawful, unreasonable, and tortious conduct, Ms. Warness has suffered significant and serious injuries and damages. These injuries and damages are continuing and will continue into the future. The nature and extent of Ms. Warness's injuries and the amount of her damages will be proven at time of trial or other hearing. At least a portion of Ms. Warness's damages is liquidated and she is, therefore, entitled to prejudgment interest on her liquidated damages.

PLAINTIFF'S COMPLAINTFOR DAMAGES - 6

AOKI I SAKAMOTO I GRANT LLP
ONE CONVENTION PLACE, SUITE 1525
701 PIKE STREET
SEATTLE, WA 98101-3933
(206) 624-1900

## COLOR OF STATE LAW

21. The acts and omissions of defendants, as set forth in this complaint, were all done and engaged in under color of the laws of the State of Washington and the United States of America.

## *RESPONDEAT SUPERIOR* AND AGENCY

22. Defendant Corey Cook was, at all times relevant to the matters set forth in this Complaint, acting within the course and scope of his employment with defendant City of Snohomish and pursuant to its policies, procedures, and practices.

23. Defendant City of Snohomish is, therefore, liable for all acts or omissions of defendant Corey Cook, pursuant to the doctrines of *respondeat superior* and agency.

## PRAYER FOR RELIEF

WHEREFORE, Colleen Warness respectfully requests that this Court:

1. Enter judgment in her favor and against defendants City of Snohomish, Washington, and Corey and Krista Cook, and their marital community, jointly and severally, in an amount to be determined at trial or other hearing;

2. Award her punitive damages in an amount to be proven at time of trial or other hearing;

3. Award her the reasonable attorneys' fees and costs of litigation she has

PLAINTIFF'S COMPLAINT FOR DAMAGES - 7

AOKI | SAKAMOTO | GRANT LLP
ONE CONVENTION PLACE, SUITE 1525
701 PIKE STREET
SEATTLE, WA 98101-3933
(206) 624-1900

1. incurred and will incur in this action and prejudgment interest on her liquidated damages;

2. Permit her to amend her pleadings to conform to proof discovered prior to or offered at time of trial; and

3. Grant her such other relief as this Court deems fair.

DATED this 3rd day of August, 2009.

AOKI SAKAMOTO GRANT LLP

By _____
Jeffrey C. Grant, WSBA #11046

MAZZONE AND MARKWELL

By _____
Pete Mazzone, WSBA #25262
Attorneys for Plaintiff Colleen Warness

PLAINTIFF'S COMPLAINT FOR DAMAGES - 8